GOLDSMITH, MYER & LOBDELL, INCORPORATED, PLAIN-
TIFF-APPELLANT, v. PHILLIP GLADSTONE, DEFEND-
ANT-RESPONDENT.

Argued January 21, 1930—Decided January 28, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Pitney, Hardin & Skinner* and *Shelton
Pitney* and *William H. Osborne, Jr.*

For the respondent, *Samuel H. Nelson.*

PER CURIAM.

This suit was brought in the Second District Court of New-
ark to recover $109.50 damages by a broker growing out of
an alleged oral contract made over the telephone. The state
of demand alleges, that on July 12th, 1929, the defendant
requested the plaintiff to find a purchaser and sell for him
one hundred shares of stock of the American Insurance Com-
pany and seventy-two shares of the stock of the Firemans In-
surance Company "at the market," and to buy twenty-five
shares of the common stock of the Chase National Bank "at
the market."

The case was tried by the judge without a jury resulting in
a judgment for the defendant. The plaintiff appeals and
files five specification of determinations, with respect to which
the plaintiff is dissatisfied in point of law. They are all in-
cluded in and may be considered under the first one, viz.,
the trial judge erred in determining, that the plaintiff had
not sustained the burden of proof. With the conclusion of

the trial judge we concur, because, the crux of the case involves simply a question of fact. There was evidence before the court on which the judgment rests. It may not be amiss, however, to point out, that in the state of the case sent up with the appeal in the printed book, Richard S. Cohen, a salesman for the plaintiff, was called and testified to the alleged transaction and Walter Otto Donath, employed in the cashier's department of the plaintiff, the latter's testimony, however, is simply as to the quotations of the stock, which is not in controversy. The plaintiff then rested. The defendant, Phillip Gladstone, testified on his own behalf, flatly contradicting the testimony given by the plaintiff's witness Richard S. Cohen, as to the alleged contract. Then the plaintiff in rebuttal called as a witness James S. Eyre, who said he was in the room when the telephone girl called "Mr. Cohen, Mr. Gladstone is on the wire." He also testified that he did not know that Mr. Gladstone was speaking, at the other end of the wire, that he did not hear Gladstone's voice. He concluded that it was Mr. Gladstone on the wire simply because the telephone girl called "Mr. Cohen, Mr. Gladstone is on the wire." This testimony was pure hearsay. The trial judge believed the testimony of the defendant and gave judgment accordingly. The judgment of the Second District Court of Newark is therefore affirmed, with costs.